PENACHIO MALARA, LLP
Counsel for the Debtor
235 Main Street, Suite 600A
White Plains, NY 10601

Anne Penachio, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

In re:                                          Chapter 11

TREVOR SPEARMAN,                                 Case No.: 09-22253(RDD)

        Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## <u>CHAPTER 11 PLAN OF REORGANIZATION OF THE DEBTOR</u>

## INTRODUCTION

Trevor Spearman, the debtor and debtor-in-possession herein (the "Debtor"), hereby proposes the following Chapter 11 Plan of Reorganization pursuant to §1121(c) of title 11 of the United States Code. Reference is made to the Debtor's Disclosure Statement for risk factors and a summary and analysis of the Plan and certain related matters. The Debtor is the proponent of the Plan within the meaning of 11 U.S.C. §1129. Subject to the restrictions on modifications set forth in 11 U.S.C. §1127, Rule 3019 of the Federal Rules of Bankruptcy Procedure and the provisions of the Plan, the Debtor expressly reserves the right to alter, amend or modify the Plan, as needed, at any time prior to substantial consummation thereof.

## ARTICLE I

## RULES OF CONSTRUCTION AND DEFINITIONS

### 1.A  *Rules of Construction.*

1 .A. 1  In this Plan, unless otherwise provided, the capitalized terms will have the meanings set forth in Section B of this Article.

1. A.2 Any capitalized term used in this Plan that is not defined in Section B of this Article will have the meaning ascribed to such term in the Bankruptcy Code.

1. A.3  The rules of construction used in § 101 et seq. of the Bankruptcy Code will apply to the construction of this Plan.

1. A.4  For the purposes of the Plan, wherever the Plan provides that a payment, distribution or other

2

action shall occur "on" any date, it shall mean "on, or as soon as practicable after" such date.

1. A.5  For the purposes of this Plan, the meanings below and in the Bankruptcy Code will apply equally to the singular, plural and possessive forms and masculine, feminine and neuter genders of the defined terms.

1. A. 6  All of the following definitions are intended to be, and hereby are, part of the substantive provisions of this Plan and have the same force and effect as any other provision of this Plan.

1 .A.7  For the purposes of the Plan, whenever notice is required, notice shall be effective when given.

**1 .B**  *Definitions.*

1.B.1  "Administrative Claim" means any Claim constituting a cost or expense of administration incurred on or after the Petition Date of the kind described in §503(b) or 507(a) of the Bankruptcy Code, including, without limitation all allowances of compensation or reimbursement of expenses to Professionals to the extent allowed by the Bankruptcy Court.

1 .B.2 "Allowed" or "Allowed Amount", when referring to a Claim, means the amount that is scheduled by or on behalf of the Debtor as not disputed, contingent or unliquidated, or proof or request for payment of which has been filed timely with the Bankruptcy Court and, in either case, a Claim: (a) as to which no objection has been interposed within one-hundred and eighty (180) days after the Effective Date (unless such period is extended by the Bankruptcy Court); or (b) as to which an objection has been interposed and such Claim has been allowed by a Final Order of the Bankruptcy Court, or any other Claim specifically identified in the Plan as an Allowed Claim.

3

1 .B.3 "Ballot" means the form distributed to holders of Claims for use in voting to accept or reject the Plan.

1.B.4 "Bankruptcy Code" means title 11 of the United States Code (11 U. S.C. §§ 1101 et seq.), as in effect on the Petition Date and as amended after the Petition Date and during the Debtor's chapter 11 case.

1 .B.5 "Bankruptcy Court" means the United States Bankruptcy Court for the Southern District of New York, including the United States Bankruptcy Judges presiding over the Debtor's Chapter 11 Case, and to the extent it is necessary and appropriate for jurisdiction to be exercised by the United States District Court for the Southern District of New York, including the United States District Judges, this definition will include same.

1 .B.6 "Bankruptcy Rules" means the Federal Rules of Bankruptcy Procedure as in effect on the Petition Date and as amended after the Petition Date and during the Debtor's chapter 11 case.

1 .B.7 "Business Day" means any day on which commercial banks are open for business in New York, New York.

1 .B.8 "Cash" means all cash and cash equivalents including, without limitation, lawful currency of the United States of America, wire transfers of funds, checks and other readily marketable direct obligations of the United States of America and certificates of deposits issued by banks.

1.B.9 "Causes of Action" means all claims, actions, third-party claims, counterclaims and crossclaims (including, without limitation, any avoidance, recovery, or subordination actions against insiders and/or any other persons or entities under §§510,542, 543, 544, 545, 547, 548, 549, 550, 551 and 553 of the Bankruptcy Code) in favor of the Debtor and/or the Estate existing on the Effective Date against any entity based in law or equity, whether direct, indirect, derivative or otherwise, and whether asserted or unasserted as of the date of entry of the Confirmation Order.

1.B.10 "Chapter 11 Case" means the Debtor's case under chapter 11 of the Bankruptcy Code, styled "In re: Trevor Spearman, Case No. 09-22253 (RDD).

1.B.11 "Claim" means any right to payment from the Debtor, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured, known or unknown; or any right to an equitable remedy for breach of performance if such breach gives rise to a right of payment from the Debtor, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, disputed, undisputed, secured or unsecured.

1.B.12 "Claimant" shall mean the holder of a Claim.

1.B.13 "Class" means a category of holders of Claims as provided for herein.

1.B.14 "Confirmation" means the entry of the Confirmation Order on the docket in the Chapter 11 Case.

1.B.15 "Confirmation Date" means the date of entry the Confirmation Order on the docket in the Chapter 11 Case.

1.B. 16 "Confirmation Hearing" means the hearing before the Bankruptcy Court or other court of competent jurisdiction on Confirmation of the Plan.

1.B.17 "Confirmation Order" shall mean an order of the Bankruptcy Court confirming the Plan in accordance with the Bankruptcy Code.

1.B.18 "Debtor" shall mean Trevor Spearman.

1.B.19 "Distribution(s}" means the distribution(s) of Cash to be made to holders of Allowed Claims under the provisions of the Plan.

1.B.20 "Distribution Date" means the date on which Distributions are made by the Debtor.

1.B.21 "Effective Date" means the first business day which is ten days after the Confirmation Date.

1.B.22 "Estate" means the estate created in the Chapter 11 Case pursuant to §541 of the Bankruptcy Code.

1.B.23 "Final Order" means an order of a court as to which: (a) any appeal that has been taken has been determined finally or dismissed; or (b) the time for appeal has expired and: (i) no timely appeal has been filed; and (ii) no order having the effect of tolling or otherwise extending the appeal period is in effect.

1.B.24 "General Unsecured Claim" means any Claim against the Debtor other than a Statutory Fee, Administrative Claim, Priority Tax Claim or Secured Claim.

1.B.25 "Lien" means any valid and enforceable lien, mortgage, security interest, pledge, charge, encumbrance, or other legally cognizable security device of any kind.

1.B.26 "Person" means any individual, corporation, partnership, association, joint stock company, joint venture, estate, trust, unincorporated organization or governmental unit or subdivision thereof or any other entity.

1.B.27 "Petition Date" means February 24, 2009.

1.B.28 "Plan" means this Chapter 11 Plan of Reorganization, either in its present form or as it may be altered, amended or modified from time to time, along with all exhibits thereto.

1.B.29 "Post-Confirmation Debtor" means the Debtor in his post-Confirmation Order state.

1.B.30 "Professionals" means all attorneys, accountants, financial consultants and/or other professional persons retained in the Chapter 11 Case or to be compensated by a Final Order pursuant to §§327,328,330,331,503(b) and/or 1103 of the Bankruptcy Code.

1.B.31 "Pro Rata" means, with respect to any Allowed Claim in any Class, the proportion that

such Allowed Claim bears to the aggregate amount of all Claims in such Class.

1.B.32 "Schedules" means the schedules of assets and liabilities, schedules of executory contracts and the statement of financial affairs filed in the Chapter 11 Case as required by §521 of the Bankruptcy Code, the Official Bankruptcy Forms and the Bankruptcy Rules, and all amendments thereto.

1 .B.33 "Secured Claim"means any Claim that is secured by a Lien against any property of the Estate, but only to the extent that such Claim is not greater than the value of the assets of the Debtor securing such debt.

1.B.34 "Statutory Fees" means any amounts that may be due to the U.S. Trustee including any fees or charged assessed against the Estate under 28 U.S.C. §1930 and 31 U.S.C. § 3717.

1.B.35 "U.S. Trustee" means the Office of the United States Trustee.

## ARTICLE II

## PROVISION FOR THE TREATMENT OF STATUTORY FEES, ADMINISTRATIVE CLAIMS AND PRIORITY TAX CLAIMS

2.1 *Generally.* Pursuant to § 1123 of the Bankruptcy Code, Statutory Fees, Administrative Claims and Priority Tax Claims are not classified. The treatment of and consideration to be received by holders of Allowed Administrative Claims and Allowed Priority Tax Claims or entities entitled to payment of Statutory Fees pursuant to the Plan shall be in full and complete satisfaction, settlement, release and discharge of such Claims. The Debtor's obligations in respect of such Allowed Administrative Claims and Allowed Priority Tax Claims shall be satisfied in accordance with the terms of the Plan.

8

2.2. *Statutory Fees.* All fees and charges payable to the U.S. Trustee, including those owed under 28 U.S.C. §1930(a)(6) and 31 U.S.C. § 3717, shall be fully paid. Such fees and charges that are due on or prior to the Effective Date, shall be paid no later than ten (10) days after the Effective Date. Such fees that may become due after the Effective Date shall be paid as they become due by the Debtor until the entry of a final decree in the Chapter 11 Case, or until the case is converted or dismissed. Such fees shall be paid by the Debtor rather than the Disbursing Agent.

2.3. *Treatment of Administrative Claims.* Each holder of an Allowed Administrative Claim shall receive the full amount of its Allowed Administrative Claim: (a) in Cash on the Effective Date or as soon thereafter as is reasonably practicable; (b) by the Disbursing Agent through the Debtor's monthly payments; or (c) on such other terms as mutually agreed to by the holder of an Allowed Administrative Claim and the Debtor.

## ARTICLE III

## CLASSIFICATION OF CLAIMS

3.1 *Classes.* A Claim is classified in a particular Class only to the extent that the Claim falls within the description of that Class and is classified in another Class or Classes to the extent that any remainder of the Claim falls within the description of such different Class. A Claim is classified in a particular Class only to the extent that the Claim is an Allowed Claim which has not been paid, released or otherwise satisfied before the closing of the Chapter 11 Case by final decree.

3.2 *Class 1.* Shall consist of the Secured Claims of Bank of America..

3.3       *Class 2.* Shall consist of all Priority Tax Claims.

3.4       *Class 3.* Shall consist of all General Unsecured Claims.

## ARTICLE IV

## TREATMENT OF CLAIMS AND INTERESTS

4.1   *Treatment of Class 1 -Secured Claim of Bank of America.* Class 1 Secured claims are not impaired under the Plan. Bank of America, the holder of an Allowed Class 1 Secured Claim, shall retain its Liens and continue to be paid by the Debtor in accordance with the underlying agreement between the parties and in the ordinary course. Ford Motor Credit has been paid in full by the Debtor in accordance with an installment note during the pendency of this Chapter 11 case.

4.2 *Treatment of Class 2 - Priority Tax Claims.* Class 2 Claims are not impaired under the Plan. The holders of an Allowed Class 2 Claim shall be paid in full within five (5) years of the filing date. Class 2 claimants are unimpaired and not entitled to vote on the Plan.

4.3 *Treatment of Class 3 - General Unsecured Claims.* Class 3 General Unsecured Claims are impaired under the Plan. In full satisfaction of their Claims, the Debtor shall distribute to the holders of Allowed Class 3 General Unsecured Claims: equal to their *pro rata* share of the sum of at least $22,000.00 which will be paid by the Debtor in monthly installments of $1,000.00 after the payment of Administrative Claims and Class 2 Claims. Class 3 is impaired under the Plan and, as such, the holders of Class 3 General Unsecured Claims are entitled to vote on the acceptance/rejection of the Plan

## ARTICLE V

## MEANS FOR IMPLEMENTATION OF THE PLAN

5.1   *Funding of Plan.* The source of funds to achieve consummation of and to carry out the Plan shall be from the Debtor's future income. The Debtor shall make payments of $1,000.00 per month

for 60 months to a Disbursing Agent. The Disbursing Agent will, in turn, make a distribution to creditors pro rata and in accordance with the priority scheme set forth in the Bankruptcy Code. Jeffrey L. Sapir will serve as disbursing agent for the Debtor with regard to all distributions contemplated under the Plan. In the event that Mr. Sapir is unwilling or unable to serve as Disbursing Agent, the Debtor's attorney shall serve as Disbursing Agent. The Disbursing Agent will file a bond in an amount fixed by the Court.

5.2     *Causes of Action.* Except as otherwise provided in the Plan, any and all rights or claims arising under any theory of law or fact including, without limitation, under the Bankruptcy Code, accruing to or assertable by the Debtor, shall remain assets of the Estate pursuant to §1123(b)(3)(B) of the Bankruptcy Code and on the Effective Date shall be transferred to and vest in the Post-Confirmation Debtor. Pursuant to §1123(b)(3)(B) of the Bankruptcy Code, only the Debtor shall have the right to pursue or not to pursue, or, subject to the terms of this Plan, compromise or settle any Causes of Action owned or held by the Debtor and/or its Estate as of the Effective Date. From and after the Effective Date, the Post-Confirmation Debtor may commence, litigate, and settle Causes of Action or rights to payment or claims that belong to the Debtor and/or the Estate on the Effective Date. Other than as set forth herein, no other Person may pursue such Causes of Action after the Effective Date. The Bankruptcy Court shall retain jurisdiction to adjudicate any and all Causes of Action whether commenced prior to or after the Effective Date. The Debtor is not aware of any Causes of Action to be pursued in this case.

5.3     *Cancellation of instruments and Agreements.* Upon the occurrence of the Effective Date, except as otherwise provided in the Plan, all promissory notes, shares, certificates, instruments, indentures, stock or other agreements evidencing, giving rise to or governing any Claim shall be deemed cancelled and annulled without further act or action under any applicable agreement, law, regulation, order or rule and the obligation of the Debtor under such promissory notes, shares,

11

certificates, instruments, indentures, or agreements shall be discharged subject to the completion by the Debtor of payments under the Plan and the entry of a discharge.

5.4     *Release of Liens.* Except as otherwise provided in the Plan or in any contract, instrument or other agreement or document created in connection with the Plan, on the Effective Date, all mortgages, deeds of trust, liens or other security interests against the property or Assets of the Debtor's Estate shall be released, and all the right, title and interest of any holder of such mortgages, deeds of trust, liens or other security interests shall revert to the Post-Confirmation Debtor. The liens shall effectively remain in full force and effect.

5.5     *Objections to Claims.* From and after the Effective Date of the Plan, the Debtor shall be the sole representative of the Debtor's Estate for all purposes including, without limitation, investigating, settling, compromising, objecting to, and litigating objections to Claims in the Bankruptcy Court or elsewhere. Objections to Claims, if any, shall be filed by the Debtor with the Bankruptcy Court and served upon each affected Claimant no later than sixty (60) days after the Effective Date, provided however that this deadline may be extended by the Bankruptcy Court upon motion of the Debtor, without notice to Claimants. In the event any proof of claim is filed or asserted after the Effective Date, the Debtor shall have sixty (60) days from the date of such filing or notice to object to such Claims, which deadline may be extended by the Court upon motion of the Debtor without notice to Claimants.

## ARTICLE VI

## DISTRIBUTIONS

6.1     *Unclaimed Distributions.* Any unclaimed Distributions (including Distributions made by checks which fail to be negotiated) shall be retained by the Debtor in trust for the beneficial holders of Allowed Claims entitled thereto for a period of sixty (60) days after the Distribution Date. Any

12

Distribution remaining unclaimed sixty (60) days after the Distribution Date shall be canceled (by a stop payment order or otherwise), the Claim relating to such Distribution shall be deemed forfeited and expunged and the holder of such Claim shall be removed from the Claims List and shall receive no further Distributions under the Plan. Any and all cancelled Distributions shall be deemed available cash and shall be distributed to the holders of Claims in accordance with the Plan.

6.2 *Fractional Cents.* Any other provision of the Plan to the contrary notwithstanding, no payment or distribution in fractions of cents will be made. Whenever any payment of a fraction of a cent would otherwise be called for, the actual payment shall reflect a rounding down of such fraction to the nearest whole cent.

6.3 *Payments of Less Than Five Dollars.* If a cash payment otherwise provided for by the Plan with respect to an Allowed Claim would be less than five ($5.00) dollars (whether in the aggregate or on any payment date provided in the Plan), notwithstanding any contrary provision of the Plan, the Debtor shall not be required to make such payment and such funds shall be otherwise distributed to holders of Allowed Claims in accordance with the Plan.

6.4 *Setoffs.* Except as otherwise provided for herein, the Debtor may, but shall not be required to, set off against any Claim and the payments to be made pursuant to the Plan in respect of such Claim, claims of any nature whatsoever the Debtor or its Estate may have against the Claimant, but neither the failure to do so nor the allowance of a Claim hereunder shall constitute a waiver or release by the Debtor or its Estate of any Claim it may have against any Claimant. The Debtor does not believe that it has any rights to set off under New York State or federal law.

## ARTICLE VII

## UNEXPIRED LEASES AND EXECUTORY CONTRACTS

7.1 *Assumption/Rejection of Executory Contracts and Leases.* On the Effective Date,

Executory Contracts and Unexpired Leases, if any, to which the Debtor is a party as of the Effective Date which were not previously rejected, assumed, or assumed and assigned by the Debtor shall be deemed rejected and abandoned under the Plan as of the Effective Date in accordance with the provisions and requirements of §§365 and 1123 of the Bankruptcy Code.

7.2 *Claims Based on Rejection of Executory Contracts or Unexpired Leases*. All proofs of claim with respect to any Claims arising from the rejection of Executory Contracts or Unexpired Leases must be filed with the Bankruptcy Court within thirty (30) days after the mailing of notice of the entry of the Confirmation Order. The failure of any such counter party to file a proof of claim within the period proscribed shall forever bar it from asserting against the Estate any Claim for damages arising from the rejection of its Executory Contract or Unexpired Lease with the Debtor. The filing of any such proof of claim shall be without prejudice to any and all rights that the Debtor may have to object to the allowance thereof on any and all available grounds.

## ARTICLE VIII

### CONDITIONS PRECEDENT TO EFFECTIVENESS OF THE PLAN

8.1 *Conditions Precedent to Confirmation of the Plan.* It is a condition to Confirmation that (a) the Confirmation Order shall approve in all respects all of the provisions, terms and conditions of the Plan, and (b) the Confirmation Order is satisfactory to the Debtor in form and substance.

8.2 *Conditions Precedent to Effective Date of the Plan.* The Plan shall not become effective unless and until each of the following conditions have been satisfied or waived:

      (a) The Bankruptcy Court shall have entered the Confirmation Order; and

      (b) The Confirmation Order shall have become a Final Order.

8.3 *Waiver of Conditions.* The Debtor may at any time, without notice or authorization of the Bankruptcy Court, waive any or all of the conditions set forth in Sections 8.1 and/or 8.2, above. The failure of the Debtor to satisfy or waive such condition may be asserted by the Debtor

regardless of the circumstances giving rise to the failure of such condition to be satisfied (including

any actions taken by the Debtor). The Debtor reserves his right to assert that any appeal from the

Confirmation Order shall be moot after substantial consummation of the Plan.

8.4     *Effect of Failure of Condition.* In the event that the conditions specified in Sections

8.1 and/or 8.2 have not occurred or been waived on or before one-hundred-eighty (180) days after

the Confirmation date, the Confirmation Order maybe vacated upon order of the Bankruptcy Court

made by the Debtor or any party in interest and an opportunity for parties in interest to be heard.

## ARTICLE IX

## EFFECT OF CONFIRMATION

9.1     *Authority to Effectuate Plan.* Upon the Confirmation Order becoming a Final

Order, all matters provided under the Plan shall be deemed to be authorized and approved without

the requirement of further approval from the Bankruptcy Court or the Debtor. The Debtor shall be

authorized, without further application to or order of the Bankruptcy Court to take whatever action necessary

to achieve consummation and carry out the Plan and to effectuate the transactions provided for thereunder.

9.2     *Binding Effect.* Except as otherwise expressly provided for in the Plan, on and after

the Effective Date, the Plan shall bind all holders of Claims, whether or not such holders voted to

accept or reject the Plan.

## ARTICLE X

## DISCHARGE; LIMITATION OF LIABILITY

10.1   *Discharge.* In accordance with §1141(d)(5) of the Bankruptcy Code, upon the

completion of all payments required under the Plan, the Bankruptcy Court will enter a discharge of the

Debtor from his debts that arose before the Confirmation Date. As such, the rights afforded in the Plan and

the treatment of all Claims therein shall be in exchange for and in complete satisfaction and release of all

claims of any nature whatsoever (including any interest accrued on such Claims), from and after the Petition

Date against the Debtor and his estate except as otherwise provided in the Plan, in §1141 of the Bankruptcy

Code, or in the Confirmation Order.

10.2    *Limitation of Liability.* In accordance with § 1125(e) of the Bankruptcy Code, upon

the Effective Date, neither the Debtor nor his counsel or agents shall have incurred or shall incur any liability

to any holder of a Claim or any other Person for any act or omission in connection with, or arising out of,

this Disclosure Statement, the pursuit of approval of this Disclosure Statement, the pursuit of Confirmation

of the Plan, the consummation of the Plan or the administration of the Plan or the property to be distributed

under the Plan, except for willful misconduct or gross negligence.  This provision shall not limit the liability of

the Debtors' professionals to their clients contrary to the requirements of Rule 1.8(h)(1) of the New York Rules

of Professional Conduct.

## ARTICLE XI

## RETENTION OF JURISDICTION

11.1 Following the Confirmation Date and until such time as all payments and Distributions

required to be made and all other obligations required to be performed under the Plan have been made and

performed and the final decree has been entered closing the Chapter 11 Case, the Bankruptcy Court shall

retain jurisdiction over this proceeding under the provisions of the Bankruptcy Code, including, without

limitation, § 1142(b) thereof and the Bankruptcy Rules, to ensure mat the intent and the purpose of the Plan

is carried out and given effect. Without limitation by reason of specification, the Bankruptcy Court shall retain

jurisdiction for the following purposes:

(a) To consider any modification of the Plan pursuant to § 1127 of the Bankruptcy Code and/or

any other modification of the Plan after substantial consummation thereof;

(b) To hear and determine:

      (i) all controversies, suits and disputes, if any, as may arise in connection with the interpretation, implementation, consummation or enforcement of the Plan;

      (ii) all controversies, suits and disputes, if any, as may arise between or among me holders of any Class of Claim and the Debtor including, without limitation, proceedings to determine the allowance, classification, amount, or priority of Claims;

      (iii) all rights or causes of action which may exist on behalf of the estate, including actions commenced to recover preferential transfers, accounts receivable and other property of the estate;

      (iv) applications for allowance of compensation and expense reimbursement of professionals for periods prior to the Effective Date;

      (v) any and all applications, adversary proceedings and litigated matters;

      (vi) to enter a final decree closing the Chapter 11 Case; and

      (vii) to the extent not expressly provided for above, any and all disputes arising under the Plan and proceedings in aid of the administration and/or consummation of the Plan.

## ARTICLE XII

## MISCELLANEOUS PROVISIONS

12.1  *Headings*. Headings are used in the Plan for convenience of reference only and shall not constitute a part of the Plan for any other purpose.

12.2  *Revocation*. The Debtor shall have the right to revoke or withdraw the Plan at any time prior to the Confirmation Date. If the Plan is revoked or withdrawn, it shall be deemed null and void, and in such event, nothing contained herein shall be deemed to constitute a waiver or release of any Claim by or against the Debtor, or any other entity, or to prejudice in any manner, the rights of the Debtor or any entity in any further proceeding involving the Debtor.

12.3  *Notices*. Any notice to the Debtor or the Post-Confirmation Debtor required or permitted to be provided under the Plan shall be in writing and shall be served by either: (a) certified mail, return receipt requested, postage prepaid; (b) hand delivery; or (c) reputable overnight delivery service freight prepaid, to be addressed as follows:

If to the Debtor or the Post-Confirmation Debtor:

> Trevor Spearman
> 45 Eton Road
> Thornwood, NY 10594

With a copy to:

> Penachio Malara, LLP
> Attn: Anne Penachio
> 235 Main Street
> White Plains, NY 10601

12.4     *Pre-Confirmation Modification.* On notice to and opportunity to be heard by the U.S. Trustee and any parties affected by the proposed amendment or modification, the Plan maybe altered, amended or modified by the Debtor prior to the Confirmation Date as provided in §1127 of the Bankruptcy Code.

12.5     *Post-Confirmation Immaterial Modification.* After the Confirmation Date and prior to substantial consummation of the Plan, the Post-Confirmation Debtor may, under

§1127(b) of the Bankruptcy Code, institute proceedings in the Bankruptcy Court to remedy any defect or omission or reconcile any inconsistencies in the Plan, the Disclosure Statement, or the Confirmation Order, and such matters as may be necessary to carry out the purposes and effects of the Plan and such proceedings do not materially adversely affect the treatment of holders of the Claims under the Plan; provided however, that prior notice of such proceedings shall be served in accordance with the Bankruptcy Rules or order of the Bankruptcy Court.

12.6 *Successors and Assigns.* The rights, benefits and obligations named or referred to in the Plan shall be binding on, and shall inure to the benefit of the Debtor and all holders of Claims and Interests, their respective successors and assigns. The provisions of all documents executed under or in connection with this Plan shall be valid and enforceable and binding upon and inure to the benefit of the Debtor and all other parties thereto and their respective predecessors, successors, assigns, agents, officers and directors.

12.7 *Governing Law.* Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code and the Bankruptcy Rules), the laws of the State of New York shall govern the construction and implementation of the Plan and, unless otherwise stated therein, any agreements, documents, and instruments executed in connection with the

Plan.

12.8    *Saturday, Sunday or Legal Holiday.* If any payment or act under the Plan is required to be made or performed on a date that is not a Business Day, then the making of such payment or the performance of such act may be completed on the next succeeding Business Day, but shall be deemed to have been completed as of the required date.

12.9    *Enforceability.* Should any provision in the Plan be determined to be unenforceable, such determination shall in no way limit or affect the enforceability or operative effect of any and all other provisions of the Plan.

12.10    *Plan Controls.* To the extent, the Plan is inconsistent with the Disclosure Statement, the provisions of the Plan shall be controlling.

12.11    *Reservation of Rights.* Neither the filing of the Plan nor any statement or provision contained therein shall be or be deemed to be an admission against interest. In the event that the Effective Date shall not occur, neither the Plan nor any statement contained therein may be used or relied upon in any manner in any suit, action, proceeding, or controversy within or outside of the Chapter 11 Case.

12.12    *Substantial Consummation.* The Plan will be deemed substantially consummated, as such terms is used in § 1101 (2) of the Bankruptcy Code, after the Debtor makes 6 payments to the Disbursing Agent. Following such substantial consummation, any appeal, rehearing or other post-confirmation motion of any nature with respect to the Plan or the Confirmation Order except as specifically provided herein or therein shall be rendered moot and no longer justiciable.  <u>If the Debtor closes his case, the Debtor will seek to re-open his case after all Plan payments have been made in order to seek a discharge.</u>

## ARTICLE XIII

## CONFIRMATION REQUEST

13.1  The Debtor hereby requests Confirmation of the Plan pursuant to § 1129 of the
Bankruptcy Code.


Dated:  White Plains, New York
      October 9, 2010

Respectfully submitted,

**PENACHIO MALARA, LLP**

/s/ Anne Penachio

_____

Anne Penachio, Esq.
 235 Main Street, Suite 600A
 White Plains, NY 10601
 ( 914) 946-2889


/s/ Trevor Spearman

-------------------------------------
 Trevor Spearman